Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 9/20/2022

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Joan Thompson Williams, | ) | Case No. 3:22-bk-02525 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Randal S. Mashburn |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court on the Motion for Abandonment and Relief from Automatic Stay (Doc. 8) filed by The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Inc. Mortgage Pass-Through Certificates Series 2005-AR8 (the "Movant") relating to real property with an address of 1008 Chapel Lake Circle, Franklin, Tennessee 37069, and more particularly described in the motion (the "Property"). The Debtor filed a response to the motion (Doc. 16), and both parties filed prehearing statements (Docs. 17 and 22).

The Court conducted a preliminary hearing on September 20, 2022, at which time the U.S. Trustee, the Chapter 7 Trustee, counsel for the Movant, and the *pro se* Debtor appeared and presented argument. Neither the U.S. Trustee nor the Chapter 7 Trustee opposed granting stay relief, and they raised concerns about the Debtor not yet having filed her statements and schedules in the six weeks since she commenced

this bankruptcy case. The Chapter 7 Trustee also indicated she did not believe there is any equity in the Property to benefit the estate and unsecured creditors. Further, the Debtor and Movant informed the Court that the Debtor has already commenced a state court proceeding against Movant to determine the parties' rights as to the Property. It appears that the somewhat unusual theories asserted by the Debtor about the invalidity of all securitized loans and mortgages can be litigated in the state court if there are legitimate disputed factual or legal issues to be resolved.

Cause exists for relief from the stay based on the apparent lack of equity, the fact that there is no likelihood of any benefit to the bankruptcy estate from litigating issues between the Debtor and Movant in this Court, and the Trustee's lack of opposition to the motion and affirmative consent to stay relief. There is no compelling reason for the Bankruptcy Court to decide the dispute between the Debtor and Movant when there is no potential for the litigation to have an impact on the bankruptcy estate or other creditors.

Therefore, it is hereby ordered that Movant is granted relief from the automatic stay to pursue its rights as to the Property under applicable non-bankruptcy law, including to enforce any remedies to foreclose upon and obtain possession of the Property. The Debtor is free to pursue the existing state court litigation in an effort to prevent Movant from exercising those rights and remedies. Any defense the Debtor may have against such actions by Movant may be asserted in that or any other applicable state court proceeding.

IT IS SO ORDERED.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.